**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEONARD DOUGLAS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:07-CV-228-Y** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **THE TARRANT COUNTY SHERIFF'S** | § | |
| **DEPARTMENT,** | § | |
| **Respondents.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a purported petition for writ of mandamus by a state prisoner.

### B. PARTIES

Petitioner Leonard Douglas, TDCJ #0202685, is a state pretrial detainee incarcerated in the Tarrant County jail.

The named Respondents are the State of Texas and the Tarrant County Sheriff's Department. No service has issued on Respondents.

### C. DISCUSSION

By the instant petition for mandamus relief, Douglas appears to challenge, among other

things, the constitutionality of the search and seizure of illegal contraband in the underlying state criminal case, Texas's repeat-and-habitual-offender statute(s), and the effectiveness of his court-appointed counsel. His petition is subject to *sua sponte* dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A federal court lacks "the general power" to issue a writ of mandamus directing state courts and their judicial officers in the performance of their duties and functions where, as here, mandamus is the only relief sought.[1] *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir.

---

[1]The petition is presented on a form § 2254 petition for a writ of habeas corpus by a person in state custody. To the extent Douglas is attempting to seek habeas relief, a state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under *§ 2241* if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Clearly, Douglas, who is incarcerated in the Tarrant County jail on pending state criminal charges, is "in custody" for purposes of § 2241.

Second, the petitioner must have exhausted his available state remedies. *Id.* State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden*, 410 U.S. at 489. Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. See *Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier,* 762 F.2d 429, 432 (5th Cir. 1985). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review or postconviction writ of habeas corpus before a pretrial detainee may seek federal habeas corpus relief. *See Deters,* 985 F.2d at 795; *Procunier,* 762 F.2d at 432; *see also Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

Douglas asserts that he has exhausted his claims in the Texas Court of Criminal Appeals by way of writ of mandamus, however, the Texas Court of Criminal Appeals denied without written order Douglas's motion for leave to file an original application for writ of mandamus in that court without addressing the merits of his claims. *Ex parte Douglas*, Writ No. WR-67,146-01 (citing *Padilla v. McDaniel*, 122 S.W.3d 805 (Tex. Crim. App. 2003)). Thus, exhaustion has not been achieved.

1973). Thus, this court is without power to grant mandamus relief. Consequently, the instant petition lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Mitchell v. Texas*, No. 3:05-CV-299-N, 2005 WL 415474, at *1-2 (N.D. Tex. Feb. 18, 2005) (not designated for publication); *Jon v. Hamlin*, No. 3:04-CV-824-K, 2004 WL 1373157, at *1-2 (N.D. Tex. June 17, 2004) (not designated for publication); *Cross v. Texas*, No. 3:02-CV-2146-G, 2002 WL 31528481, at * 1-2 (N.D. Tex. Nov. 8, 2002) (not designated for publication).

## II. RECOMMENDATION

It is recommended that the petition for writ of mandamus be dismissed as frivolous.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 7, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

**IV. ORDER**

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 7, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 16, 2007.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE